# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 11-1553-PHX-JAT (JRI) |
| Plaintiff, | No. CR 07-798-PHX-EHC |
| v. | **ORDER** |
| Armando Ramirez-Valadez, | |
| Defendant/Movant. | |

On August 8, 2011, Movant Armando Ramirez-Valadez, who is confined in the Management & Training Corporation's Giles W. Dalby Correctional Facility in Post, Texas, filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Court will call for an answer to the § 2255 Motion.

## I.  Procedural History

Without the benefit of a plea agreement, Movant pled guilty to Illegal Re-entry After Deportation, in violation of 8 U.S.C. § 1326(a), with sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(2). On June 17, 2008, the Court sentenced Movant to a 70-month term of imprisonment followed by 36 months on supervised release.

On June 30, 2008, Movant filed a Notice of Appeal. In an April 1, 2011 Memorandum, the Ninth Circuit Court of Appeals affirmed Movant's conviction.

## II.  Section 2255 Motion

In his § 2255 Motion, Movant raises seven grounds for relief:

>  (1)  He was denied his rights to the effective assistance of counsel and due process because his attorney failed to conduct a thorough investigation

|   |     | and interrogate witnesses, failed to submit a memorandum seeking the suppression of "frivolous" evidence, and failed to apprise Movant of his "substantive rights and potential defenses." |
|---|-----|---|
|   | (2) | He was denied his rights to the effective assistance and due process because his attorney failed to file a notice of appeal at Movant's request,[1] seek a speedy trial, request <u>Brady</u> material, and submit "3553(a) factors that would have justified a sentencing downward departure" based on the insufficiency of the evidence against him. Movant also asserts that his attorney engaged in illegal, unethical, or dishonest conduct to induce Movant to enter into a plea agreement. |
|   | (3) | He did not knowingly and voluntarily enter into the plea agreement because the District Court failed to advise him of his trial rights and his rights under Rule 11 of the Federal Rules of Civil Procedure. Movant also claims that he did not validly waive the right to appeal his sentence and the manner in which it was determined.[2] |
|   | (4) | A prior felony conviction is an element of the offense, rather than a sentencing enhancement. |
|   | (5) | "The U.S.S.G. on cultural assimilation as a commentary amendment may be considered for a modification of sentence under the authority of Title 18 U.S.C.A. § 3582(c)(2)." |
|   | (6) | Movant is entitled to a downward departure because he is a deportable alien. |
|   | (7) | "The District Court committed procedural error by failing to acknowledge and address [Movant's] nonfrivolous fast-track disparity argument in support of a below-guideline sentence." Movant also claims that there was procedural error because the District Court failed to adequately explain its sentence. |

The Court will require a response to the § 2255 Motion.

. . . .

. . . .

. . . .

---

[1] This is untrue. Movant's attorney filed the June 30, 2008 Notice of Appeal.

[2] Because Movant pled guilty without the benefit of a plea agreement, it is unclear when he waived his right to appeal his sentence and the manner in which it was determined. Movant filed an appeal and the Ninth Circuit rejected his claims on the merits. Movant raised two issues in his appeal: whether "his plea [was] invalid because the district court's failure to inform him of his trial rights meant that he did not intelligently enter his plea," and whether his conviction was valid because "the district court failed to advise him of certain rights pursuant to Rule 11." The Court of Appeal rejected both issues, concluding that Movant's plea was voluntarily and intelligent and his conviction was valid.

### III. Warnings

#### A. Address Changes

Movant must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Movant must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Copies

Movant must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Movant must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Movant.

#### C. Possible Dismissal

If Movant fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the § 2255 Motion (Doc. 1 in CV-11-1553-PHX-JAT (JRI)) and this Order on the United States Attorney for the District of Arizona.

(2) The parties and the Clerk of Court **must file** all documents related to the § 2255 Motion in the **civil case**.

(3) The United States Attorney for the District of Arizona has **60 days** from the date of service within which to answer the § 2255 Motion. The United States Attorney may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the

answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2255 Cases.

(4) Movant may file a reply within **30 days** from the date of service of the answer to the § 2255 Motion.

(5) The matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 11th day of August, 2011.

_____
James A. Teilborg
United States District Judge