UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Armando Ramirez-Valadez,<br>Movant/Defendant<br>-vs-<br>United States of America,<br>Respondent/Plaintiff. | CV-11-1553-PHX-JAT (JFM)<br>CR-07-0798-PHX-JAT<br>**Report & Recommendation On<br>Motion To Vacate, Set Aside<br>or Correct Sentence** |

# I. MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on August 8, 2011 (Doc. 1). On October 13, 2011 Respondent filed its Response (Doc. 4). Movant has not replied

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

# II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

## A. PROCEEDINGS AT TRIAL

On May 17, 2007, Movant was arrested, and on May 18, 2007 he was charged in a Complaint with counts of attempted re-entry after removal and re-entry after removal.

(Complaint, CR Doc. 2.) (The docket in the underlying criminal case, CR-07-0798-PHX-JAT, is referenced herein as "CR Doc. ___.") After several extensions, an Indictment was filed on July 3, 2007 (CR Doc. 12) charging Movant with one count of reentry after deportation.

Movant proceeded to trial, but on the first day entered a plea to the sole charge in the indictment, without benefit of a plea agreement. (CR Doc. 46, M.E. 3/27/08.) On June 19, 2008, Movant was sentenced to 70 months in prison and 36 months supervised release. (CR Doc. 51, Judgment and Sentence.)

## B. PROCEEDINGS ON DIRECT APPEAL

Movant filed a direct appeal arguing that "his guilty plea was not intelligent and was thus involuntary because he was unaware and not informed of his constitutional trial rights." (CR Doc. 76, Mem. Dec. at 1-2.) On April 1, 2011, the Ninth Circuit found that Movant's plea was voluntary and intelligent, and that any failure by the District Court to comply with Rule 11 did not affect his substantial rights, and affirmed his conviction. (*Id.* at 3-4.)

## C. PRESENT FEDERAL HABEAS PROCEEDINGS

**Motion** - Movant commenced the current case by filing his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on August 8, 2011 (Doc. 1). Petitioner's Petition asserts the following seven grounds for relief:

> (1) He was denied his rights to the effective assistance of counsel and due process because his attorney failed to conduct a thorough investigation and interrogate witnesses, failed to submit a memorandum seeking the suppression of "frivolous" evidence, and failed to apprise Movant of his

2

        "substantive rights and potential defenses."

(2) He was denied his rights to the effective assistance and due process because his attorney failed to file a notice of appeal at Movant's request, seek a speedy trial, request Brady material, and submit "3553(a) factors that would have justified a sentencing downward departure" based on the insufficiency of the evidence against him. Movant also asserts that his attorney engaged in illegal, unethical, or dishonest conduct to induce Movant to enter into a plea agreement.

(3) He did not knowingly and voluntarily enter into the plea agreement because the District Court failed to advise him of his trial rights and his rights under Rule 11 of the Federal Rules of Civil Procedure. Movant also claims that he did not validly waive the right to appeal his sentence and the manner in which it was determined.

(4) A prior felony conviction is an element of the offense, rather than a sentencing enhancement.

(5) "The U.S.S.G. on cultural assimilation as a commentary amendment may be considered for a modification of sentence under the authority of Title 18 U.S.C.A. § 3582(c)(2)."

(6) Movant is entitled to a downward departure because he is a deportable alien.

(7) "The District Court committed procedural error by failing to acknowledge and address [Movant's] nonfrivolous fast-track disparity argument in support of a below-guideline sentence." Movant also claims that there was procedural error because the District Court failed to adequately explain its sentence.

(Service Order, Doc. 3 at 1-2.)

**Response** - On October 13, 2011, Respondents filed their Response (Doc.4). Respondents argue:

1. **Grounds 1 and 2 - Ineffective Assistance** – Movant fails to do more than make conclusory allegations of ineffective assistance, and the record reflects counsel's performance was not deficient. Thus Grounds 1 and 2 are without merit.

2. **Ground 3 - Involuntary Plea and Waiver** – Because Movant fails to show ineffective assistance of counsel, he has failed to show his plea was not

3

knowingly and voluntarily entered, and he did not waive a right to appeal his sentence.

3. **Ground 4 – Sentencing Enhancement** – Applicable case law shows that the sentencing enhancement is not an element of the offense, and Movant's Ground 4 is without merit.

4. **Ground 5, 6 and 7 – Sentencing Adjustments** – Movant fails to show that he is entitled to adjustments to his sentence for cultural assimilation, status as an alien, or fast-track disparity, and his Grounds 5, 6, and 7 are without merit.

**Reply** – Movant has not filed a reply, and the time to do so has expired. (Service Order 8/11/11, Doc. 3 at 4.)

### III. APPLICATION OF LAW TO FACTS

**A. GROUNDS 1 AND 2: INEFFECTIVE ASSISTANCE/VOLUNTARINESS**

Movant argues that his trial counsel was ineffective in a variety of ways, and thus his plea was not knowingly and voluntarily entered. Respondent argues that Movant fails to support his claims of ineffective assistance, thus he has failed to show his plea was involuntary.

**Voluntariness** - "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

The Supreme Court has stated that "[w]here, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the

4

voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. . . . [A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective].'" *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (quoting *Tollett*, 411 U.S. at 267) (internal quotation marks and citation omitted).

**Ineffective Assistance** - Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, Movant must show:  (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88, 694; *see also United States v. Thornton*, 23 F.3d 1532, 1533 (9th Cir. 1994)(*per curiam*); and *United States v. Solomon*, 795 F.2d 747, 749 (9th Cir. 1986).  Although the petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial.  *Strickland*, 466 U.S. at 697.

In evaluating claims of defective performance, the court must focus on whether the attorney's advice was appropriate under the circumstances existing at the time of the guilty plea.  *See Strickland*, 466 U.S. at 690.  In evaluating claims of prejudice, the defendant must prove he was prejudiced from counsel's ineffectiveness by demonstrating a reasonable probability that but for his attorney's errors, he would not have pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. at 58-59; *Strickland*, 466 U.S. at 694; *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990).

The defendant must show "that but for counsel's errors, he would either have gone to trial or received a better plea bargain." *U.S. v. Howard*, 381 F.3d 873, 882 (9th Cir. 2004).

**Movant's Claims** – Movant argues that in the time leading up to his plea,[1] trial counsel was ineffective for: (1) failing to conduct a thorough investigation and interrogate witnesses; (2) failing to submit a memorandum seeking the suppression of "frivolous" evidence; (3) failing to apprise Movant of his "substantive rights and potential defenses"; (4) failing to seek a speedy trial; (5) failing to request *Brady* material; and (7) misrepresenting the sentence to be obtained.

Cursory allegations that are purely speculative cannot support a claim of ineffective assistance of counsel. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). Thus, for example, a defendant cannot satisfy the *Strickland* standard by "vague and conclusory allegations that some unspecified and speculative testimony might have established his defense." *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991).

Here, Movant's allegations in instances 1 (investigation), 2 (suppression), 3 (advice), 5 (*Brady* material) and 7 (sentence) are wholly conclusory. Movant proffers no specifics of the evidence that could have been obtained, what specific evidence should have been suppressed, what *Brady* materials were not disclosed, or how counsel misrepresented the sentence.

Movant also fails to suggest what basis for a speedy trial challenge existed. "A criminal defendant's trial must normally commence within seventy days of the filing of

---

[1] Movant also argues that counsel was ineffective after entry of his plea by: (1) failing to file a notice of appeal at Movant's request; and (2) failing to submit "3553(a) factors that would have justified a sentencing downward departure" based on the insufficiency of the evidence against him. (Motion, Doc. 1 at 4.) These alleged deficiencies occurred after the plea, and thus could not have affected the voluntariness of the plea.

6

the indictment or the defendant's initial court appearance, whichever is later." *U.S. v. Daychild*, 357 F.3d 1082, 1091 (9th Cir. 2004) (citing 18 U.S.C. § 3161(c)(1). Movant was indicted on July 3, 2007.  (CR Doc. 12.)  His trial was then set for July 17, 2007 (M.E. 7/5/07, CR Doc. 13) and then reset for August 21, 2007 (M.E. 7/18/07, CR Doc. 14), well within the 70 day limit.

Trial was subsequently continued 5 times, each time on Movant's own motion, with the first motion being filed August 7, 2007.  (CRDocs. 19, 21, 22, 23, 31, 32, 33, 34, 37, and 38.) "Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel" is excluded from the calculation of the 708 day limit.  18 U.S.C. § 3161(h)(8)(A)  The last continuance granted was for trial to commence on March 25, 2008.  (Order 1/16/08 , CR Doc. 38.) On March 19, 2008, trial was continued until March 27, 2008 because of a scheduling conflict.  (M.E. 3/19/08, CR Doc. 40.)  Movant's trial commenced on, and he pled guilty on, March 27, 2008.

Thirty-five days elapsed between Movant's indictment on July 3, 2007 and his first motion to extend on August 7, 2007.  And two days elapsed between the final date requested by Movant's continuances, March 25, 2008, and the date trial commenced, March 27, 2008.  Thus only 37 of the  permitted 70 days elapsed.  Movant offers no explanation what basis existed for a Speedy Trial Act challenge.

Perhaps Movant simply disagrees with counsel's decision to seek the various continuances.  Tactical decisions with which a defendant disagrees cannot form the basis for a claim of ineffective assistance of counsel.  *Morris v. California*, 966 F.2d at 456. "Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation." *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980).

7

In sum, Movant fails to support with specific allegations any claim of deficient performance by counsel prior to entry of his plea.

**Post Plea Ineffectiveness** – Movant also asserts in his Ground 2 that counsel was ineffective after entry of his plea, by: (1) failing to file a notice of appeal at Movant's request, and (2) failing to move for a downward departure pursuant to 18 U.S.C. § 3553(a) based upon the insufficiency of the evidence against him.

<u>Notice of Appeal</u> – Plaintiff's complaint about the failure to file a notice of appeal is without merit because a notice of appeal was filed on June 30, 2008 (CR Doc. 52), and the appeal was considered and rejected on the merits. (Mem. Dec. CR Doc. 76.)

<u>Downward Departure</u> – Movant argues counsel should have sought a downward departure pursuant to 18 U.S.C. § 3553(a) based upon the insufficiency of the evidence. However, that statute merely indicates the factors to be considered by the court in imposing a sentence. No provision is made for consideration of the insufficiency of the evidence, nor even its weight.

**Summary** – Movant fails to support his Grounds 1 or 2 by showing that counsel performed deficiently before or after his plea, and therefore has failed to show that his plea was not voluntarily entered. Accordingly, Grounds 1 and 2 must be denied.

**B.  GROUND THREE: RULE 11 AND VOLUNTARINESS**

In his Ground 3, Movant argues that he did not knowingly and voluntarily enter into the plea agreement because the District Court failed to advise him of his trial rights and his rights under Rule 11 of the Federal Rules of Criminal Procedure. Movant also claims that he did not validly waive the right to appeal his sentence and the manner in

which it was determined.[2]

Respondent argues that Movant was properly advised of his rights and the Ninth Circuit resolved this issue on direct appeal. Respondent argues that Movant did not, in fact, waive any right to appeal his sentence.

**Rule 11** – Movant's attack on the voluntariness of his plea was raised and resolved on direct appeal. The Ninth Circuit found that the District Court had indeed failed to properly advise Movant, and that the failure constituted plain error. However, the circuit court also found that Movant had failed to show an effect on his substantial rights. (Mem. Dec. CR Doc. 76 at 3-4.)

Ordinarily, the doctrines of *res judicata* and collateral estoppel do not apply to habeas corpus proceedings. *Sanders v. U.S.*, 373 U.S. 1, 8 (1963). However, the law of the case doctrine is applicable on federal habeas review. *Shore v. Warden*, 942 F.2d 1117, 1123 (7th Cir. 1991). "The law of the case doctrine ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case." *U.S. v. Caterino*, 29 F.3d 1390, 1395 (9th Cir. 1994) (quoting *U.S. v. Maybusher*, 735 F.2d 366, 370 (9th Cir. 1984)). Under this doctrine, a district court will ordinarily refrain from acting if an appellate court previously has issued a decision on the merits of the claim. *Caterino*, 29 F.3d at 1395. Thus, the Ninth Circuit has long held that "[i]ssues disposed of on a previous direct appeal are not reviewable in

---

[2] Ordinarily a Section 2255 petitioner raising a claim other than ineffective assistance for the first time in post-conviction proceedings would be in procedural default, and would be precluded from asserting the claim. *Bousley v. United States*, 523 U.S. 614, 621(1998)(finding default where petitioner challenging his guilty plea did not raise Bailey claim in direct appeal); *United States v. Frady*, 456 U.S. 152, 165 (1982) (noting that a motion to vacate or modify a sentence under 28 U.S.C. § 2255 cannot be used as a substitute for a direct appeal). It appears that Petitioner's Ground 3, 4, 5, 6, and 7 are all procedurally defaulted. However, Respondent does not raise this affirmative defense. Because the claims are plainly without merit, and Movant has not had an opportunity to reply on the matter, the undersigned does not raise it *sua sponte*.

a subsequent petition under 2255." *Stein v. U.S.*, 390 F.2d 625, 626 (9th Cir. 1968).

Accordingly, this portion of Ground 3 should be dismissed with prejudice.

**Waiver of Appellate Rights** – Movant's claim that he did not validly waive his right to appeal his sentence is moot. Respondents do not assert any such waiver, and non appears from the record.

A case is moot if it does not satisfy the case-or-controversy requirement of Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

The lack of any contention that Movant waived his sentencing appeal rights means there is no threatened or actual injury and no controversy to be resolved, thus this claim should be dismissed with prejudice as moot.

**Summary** – Movant's Ground 3 must be dismissed with prejudice, as to the Rule 11 argument as being barred by the law of the case, and as to the waiver issue as being moot.

**C.  GROUND FOUR:  SENTENCING ENHANCEMENT**

For his Ground 4, Movant argues that his sentence was improperly enhanced based on a prior felony conviction which is an element of his offense under 18 U.S.C. §

1326(b)(2). Respondents argue that this claim was rejected in *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998).

Indeed, the Court in *Almendarez-Torres* rejected such an argument, and concluded that the additional sentence imposed under § 1326(b)(2) "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime." 523 U.S. at 226.

Movant argues that *Almendarez-Torres* was decided by a slim majority, and one of the majority has shied away from the decision. Nonetheless, Movant acknowledges that *Almendarez-Torres* remains the law of the land, and raises the issue to preserve it for appeal.

Indeed, *Almendarez-Torres* remains good law. *See Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577, 2581 n.3 (2010) (citing *Almendarez-Torres* approvingly).

Accordingly, Movant's Ground 4 is without merit and must be denied.

**D.  GROUND FIVE:  CULTURAL ASSIMILATION ADJUSTMENT**

In his Ground 5, Movant argues that he should have been afforded a downward departure on his sentence based on his cultural assimilation, asserting his long time residence, family in the United States, and lack of ties to Mexico.

Respondents acknowledge that the Ninth Circuit has recognized such a departure, but argue that Movant has failed to show error in failing to grant him such a departure, and fails to show that a modification would now be permissible under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a).

In *U.S. v. Lipman*, 133 F.3d 726 (9th Cir. 1998), the Ninth Circuit recognized that "a sentencing court may depart on the basis of cultural assimilation if it finds that the

11

defendant's circumstances remove his case from the heartland of cases governed by the relevant individual guidelines and the Guidelines as a whole." 133 F.3d at 731. However, the court also concluded that the exercise of such discretion was not subject to review. Movant offers nothing to suggest that his case would entitle him to review on this issue.

Nor does Movant suggest that a post-sentence modification on this basis is authorized on some other basis. Post judgment modifications are authorized under 18 U.S.C. § 3582, but only in specified circumstances (e.g. extraordinary and compelling reasons, or advanced age, or subsequent reduction in sentencing guidelines). Modifications for "substantial assistance" are authorized under Federal Rule of Criminal Procedure 35(b), but that would not apply to Movant's simple claim of assimilation.

Movant suggests the Court hold the issue in abeyance until a memorandum of law on the issue could be prepared. Movant has never sought to file such a memorandum, nor has he replied in support of his Motion. No reason to delay consideration of the claim has been shown.

Movant's Ground 5 is without merit and must be denied.

### E. GROUND SIX: DOWNWARD DEPARTURE AS ALIEN

For his Ground 6, Movant argues he is entitled to a downward departure because he is a deportable alien, noting his inability to participate in various early release programs because of his immigration detainer. Respondents argue that Ninth Circuit authority has rejected such a downward departure.

In *U.S. v. Martinez-Ramos*, 184 F.3d 1055 (9th Cir. 1999), the court recognized the incongruity of arguing that alien status justifies lenient sentencing for violation of

immigration laws.

> [T]he crime itself assumes an alien who is deportable, and sentencing necessarily involves a defendant who is a deportable alien… Absent any credible argument or evidence to the contrary, we must assume that the Sentencing Commission took deportable alien status into account when formulating a guideline that applies almost invariably to crimes, such as 8 U.S.C. § 1326, that may be committed only by aliens whose conduct makes them deportable.

*Martinez-Ramos*, 184 F.3d at 1058.  Accordingly, the court held that "deportable status may not be a ground for downward departure from the applicable guideline range for aliens who are deportable." *Id.*

### F.  GROUND SEVEN:  FAST TRACK DISPARITY

For his Ground 7, Movant argues that the Court committed procedural error by failing to acknowledge and address his fast-track disparity argument in support of a below-guideline sentence. Movant also claims that there was procedural error because the District Court failed to adequately explain its sentence.

Respondents argue that Movant has no fast-track disparity argument to make because he was offered a fast-track plea agreement, but rejected it, and no greater explanation was required.

**Fast Track Disparity** - The sentencing statutes direct judges to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  In *United States v. Marcial-Santiago*, 447 F.3d 715, 718 (9th Cir.2006), the Ninth Circuit held that sentencing disparities between defendants prosecuted in districts that offer fast-track programs and defendants prosecuted in non-fast-track districts are not "unwarranted" within the meaning of § 3553(a)(6), and thus did not justify a downward departure.  In

*U.S. v. Vasquez-Landaver*, 527 F.3d 798 (9th Cir. 2008), the court extended *Marcial-Santiago's* reasoning on inter-district disparities to intra-district disparities.

In *U.S. v. Gonzalez-Zotelo*, 556 F.3d 736 (9th Cir. 2009), the court rejected arguments that the district court nonetheless retained authority to grant a departure based upon the judge's policy disagreement with disparate sentencing under fast-track programs, noting that the PROTECT Act of 2003 had expressed a congressional policy of permitting disparities for fast-track defendants. Although *Kimbrough v. U.S.*, 552 U.S. 85 (2007) "permits a district court to consider its policy disagreements with the Guidelines, it does not authorize a district judge to take into account his disagreements with congressional policy." *Id.* at 741.

Thus, no fast-track disparity departure was permissible, and the district court did not err in failing to consider or grant one.

**Explanation of Sentence** – Movant complains the sentence was not adequately explained because the trial court failed to give its reasons for rejecting Movant's arguments at sentencing. The obligations of the district court in this regard were addressed in *U.S. v. Carty*, 520 F.3d 984 (9th Cir. 2008):

> Once the sentence is selected, the district court must explain it sufficiently to permit meaningful appellate review. A statement of reasons is required by statute, § 3553(c), and furthers the proper administration of justice. An explanation communicates that the parties' arguments have been heard, and that a reasoned decision has been made. It is most helpful for this to come from the bench, but adequate explanation in some cases may also be inferred from the PSR or the record as a whole.
> What constitutes a sufficient explanation will necessarily vary depending upon the complexity of the particular case, whether the sentence chosen is inside or outside the Guidelines, and the strength and seriousness of the proffered reasons for imposing a sentence that differs from the Guidelines range. A within-Guidelines sentence ordinarily needs little explanation unless a party has requested a specific departure, argued that a different sentence is

> otherwise warranted, or challenged the Guidelines calculation itself as contrary to § 3553(a). This is because both the Commission and the sentencing judge have determined that the sentence comports with the § 3553(a) factors and is appropriate in the ordinary case. But the judge must explain why he imposes a sentence outside the Guidelines.

*Carty*, 520 F.3d at 992 (citations omitted).

> A district judge is required to make an "individualized determination" of a sentence based on the facts. Although the judge is not required to "tick off each of the § 3553(a) factors to show that it has considered them," he is required to provide "defendant-specific reasons for imposing a certain sentence" in order to comply with § 3553.

*Gonzalez-Zotelo*, 556 F.3d at 742.

As noted by Respondent, the district court judge issued a sentence within the guidelines. Moreover, the court explicitly acknowledged considering "all of the subparagraphs of [18 U.S.C. § 3553](a)." (R.T. 6/17/08, CRDoc. 62 at 17.)

Further, this was not a case where counsel raised a series of arguments and the court tacitly sat by and then simply pronounced a final sentence. Defense counsel argued at length for a departure from the guidelines based upon the excessiveness of the sentence for what counsel characterized as a "trespass" and the sentences given to similar defendants under the fast-track program. The court rejected the arguments, citing *Carty,* and noting that Movant had not pled guilty until half way through jury selection. With regard to counsel's arguments, the court explicitly rejected them, stating:

> With respect to Mr. Fontes' argument, I've considered those. They were presented to the Court here initially this morning, with perhaps more rhetoric than I'm generally accustomed to in these cases, and his personal opinions about matters which do not in my judgment reflect what the current law is and what I can do and not do.
>           \* \* \*
> But if, in fact, I followed your thoughts, Mr. Fontes, and the case went up to the Ninth Circuit, I'm convinced that it would be reversed eo instanter [sic], very quickly. And that the Supreme

>  Court would deny review very quickly because of your characteristics about what those matters are and what a judge considers now and what I said I've considered in this case.

(*Id.* at 18-19.)  The court also noted its review of the presentence report, and characterized it as "generous or accommodating." (*Id.*)

Movant does not suggest what more the court should have done. Neither §3553 nor *Carty* requires more.

Accordingly, Movant's Ground 7 is without merit and should be denied.

### G. SUMMARY

Movant's Ground 3 (Rule 11) is partially moot and partially barred by the law of the case, and must be dismissed with prejudice.  Movant's Grounds 1 and 2 (Ineffective Assistance), 4 (Sentencing Enhancement), 5 (Cultural Assimilation), 6 (Alien Downward Departure) and 7 (Fast-Track Disparity) are without merit and must be denied.

### IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2255 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Motion to Vacate is brought pursuant to 28 U.S.C. § 2255.  The recommendations if accepted will result in Movant's Motion to Vacate being resolved adversely to Movant.  Accordingly, a decision on a certificate of Appealability is

required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be in part on procedural grounds, and in part on the merits. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." To the extent that Petitioner's claims are rejected on the merits, under the reasoning set forth herein, the claims are plainly without merit.  Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition,  a certificate of appealability should be denied.

//

//

17

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Ground Three of Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed August 8, 2011 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the remainder of Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed August8, 2011 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-

1  47 (9th Cir. 2007).

2  Dated: March 9, 2012

                                                      James F. Metcalf
                                                      United States Magistrate Judge

3  11-1553r RR 12 02 28 on HC.docx